IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN E. JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2045-G |
| | § | |
| E. JACKSON, ET AL. | § | |
| | § | |
| Defendants. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Brian E. Johnson, a Texas prisoner, alleging that he received inadequate medical care for injuries sustained in a motor vehicle accident that occurred while he was being transported from the Dickens County Correctional Center to the Kaufman County Jail. On October 28, 2009, plaintiff tendered a form civil rights complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on March 2, 2010. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On May 19, 2008, plaintiff injured his back and right arm in a motor vehicle accident while en route from the Dickens County Correctional Center to the Kaufman County Jail. (*See* Plf. Compl. at 4, ¶ V). The accident occurred when the driver of the transport van lost control of the vehicle and hit a pole. (*Id.*). Although plaintiff asked the driver and an unnamed detention officer to take him to the hospital, they ignored his request and placed him in a holding cell. (*See* Mag. J. Interrog. #4, 9). An unnamed nurse at the Kaufman County Jail also refused to take plaintiff to the hospital. (*See* Mag. J. Interrog. #15). Plaintiff alleges that he was not provided with any medical care by Kaufman County Jail officials for three or four days. (*See* Plf. Compl. at 4A, ¶ 1; Mag. J. Interrog. #14). As a result of this delay, plaintiff claims that he experienced "more pain" and his condition worsened. (*see* Mag. J. Interrog. #14). More particularly, plaintiff alleges that he suffered "lower back pain with muscle spasm[s] in lower back, muscles tightening up, caused discomfort with my sitting, standing, and sleeping, walking, continual pain in my neck, lower back and right arm[,] day and night, can't turn my head from left to right." (*Id.*). By this suit, plaintiff seeks more than $500,000 in compensatory and punitive damages, and equitable relief. (*See* Plf. Compl. at 4, ¶ VI).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i)   is frivolous or malicious;
>
> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

### B.

The court initially observes that plaintiff has failed to state a claim for relief against the Kaufman County Sheriff's Department and the Fort Bend County Sheriff's Department. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Kaufman County Sheriff's Department nor the Fort Bend County Sheriff's Department are separate legal entities having jural authority. *See, e.g. Longoria v. Dallas County Sheriff's Dept.*, No. 3-09-CV-1684-O, 2009 WL 4884157 at *2 (N.D. Tex. Dec. 16, 2009) (citing cases) (noting that Dallas County Sheriff's Department is not a proper defendant with jural existence). Consequently, plaintiff's claims against these defendants should be dismissed.

C.

Nor has plaintiff stated a claim for relief against Kaufman County Sheriff David A. Byrnes, Fort Bend County Sheriff Milton Wright, the unnamed warden of the Dickens County Correctional Center, and the unnamed director of Community Education Centers. As supervisors, these defendants are liable only if they: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). Plaintiff does not allege that any of these defendants were personally involved in the alleged constitutional deprivations made the basis of this suit. (*See* Mag. J. Interrog. #2, 5, 6, 7, 8). Nor does plaintiff identify a policy, custom, or practice that sanctions or condones any of the constitutional violations alleged in his complaint. Instead, plaintiff blames these supervisors for failing to properly investigate his grievances, and seeks to hold them vicariously liable for the actions of their employees. (*See id.*). Even if proved, such claims are not actionable under 42 U.S.C. § 1983. *See Mitchell v. Valdez*, No. 3-07-CV-0036-B, 2007 WL 1228061 at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (supervisors not responsible for the constitutional violations of their subordinates or for failing to take corrective action in response to grievances).

D.

Plaintiff's medical care claim against the remaining defendants is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary or wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that the defendants were subjectively aware of a substantial risk of serious harm and

failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in "substantial harm." *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Nor does a disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

The gravamen of plaintiff's medical care claim is that the van driver and an unnamed detention officer failed to take him to the hospital following the accident. (*See* Mag. J. Interrog. #4, 9). Plaintiff also complains about a three or four day delay in receiving medical care after he arrived at the Kaufman County Jail, which caused him to suffer discomfort, muscle spasms, and neck and back pain. (*See* Mag. J. Interrog. #4, 12, 14, 15). However, by his own admission, plaintiff was given Tylenol by jail officials on May 19, 2008--the day of the accident. (*See* Mag. J. Interrog. #11). Tylenol was prescribed twice daily from May 19, 2008 until May 22, 2008, when plaintiff was examined by a doctor. (*Id.*). The doctor continued plaintiff on ibuprofen and Naproxen for pain and discomfort. (*Id.*). Since the accident, plaintiff has seen a doctor four times, been x-rayed twice, and regularly given over-the-counter pain medications. (*Id.*). No facts are alleged by plaintiff in his complaint or interrogatory answers to suggest that the short delay in seeing a doctor or his course of treatment rises to the level of deliberate indifference. *See, e.g. McGiffin v. Clayton*, No. 08-40213, 2009 WL 577721 at *1 (5th Cir. Mar. 6, 2009) (holding that delays in treatment that do not cause

lasting complications do not constitute deliberate indifference); *Parker v. Doty*, No. 7-08-CV-029-O, 2009 WL 804098 at *2 (N.D. Tex. Mar. 25, 2009) (increased back pain caused by delay in receiving medication does not constitute "substantial harm").

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE